# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3114

_____

United States of America,      *
     *
        Plaintiff-Appellee,      *
     *   Appeal from the United States
        v.      *   District Court for the
     *   District of North Dakota
William Duran See Walker, also      *
known as Billy See Walker,      *   [UNPUBLISHED]
     *
        Defendant-Appellant.      *

_____

Submitted: March 8, 2004
Filed: March 11, 2004

_____

Before MURPHY, HEANEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

William Duran See Walker was charged in a four count superceding indictment with having sexually abused his girlfriend's eight year old daughter, S.C. The indictment charged that he (1) knowingly engaged in contact between his penis and S.C.'s vulva, in violation of 18 U.S.C. §§ 2241(c) and 1153; (2) intentionally touched S.C.'s genitalia, not through the clothing, in violation of 18 U.S.C. §§ 2241(c) and 1153; (3) intentionally touched S.C.'s genitalia, groin, breast, and buttocks directly and through the clothing, in violation of 18 U.S.C. §§ 2244(a)(1), 2244(c), and 1153; and (4) knowingly engaged in contact between his mouth and S.C.'s vulva, in violation of 18 U.S.C. §§ 2241(c) and 1153. A jury found See Walker guilty on

counts two and three, but acquitted him on counts one and four. The district court[1] sentenced him to 360 months.

See Walker appeals his conviction on count two, arguing that the government presented insufficient evidence for a reasonable jury to conclude that he had engaged in direct contact with S.C.'s genitalia. In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, giving it the benefit of all reasonable inferences. United States v. Oleson, 310 F.3d 1085, 1088 (8th Cir. 2002). A jury's verdict will be reversed only where no reasonable jury could have found the defendant guilty beyond a reasonable doubt. Id.

The victim testified that starting in the late summer of 2002 See Walker gave her "bad touches" on multiple occasions. With the aid of anatomical diagrams, S.C. testified that See Walker touched her breasts with his hands and her vaginal area with his mouth and penis. She testified that See Walker's penis had touched the inside of her "private" and that it "[h]urt really bad." Although a physical examination of the child some months after these events turned up no indications of sexual abuse, expert testimony established that the pain claimed by the victim would be consistent with pain caused by a penis pressing against, but not rupturing, the hymen of an eight year old girl. The jury also properly received evidence that See Walker had been convicted in 1998 of touching the vulva of a four year old girl with his mouth.

After reviewing the record, we conclude that a jury could reasonably infer from S.C's testimony and the other evidence presented at trial that See Walker directly touched S.C.'s genitalia, in violation of 18 U.S.C. §§ 2241(c) and 1153. Accordingly, the judgment of the district court is affirmed.

_____

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.